IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FRED SMITH                                                                  PLAINTIFF

VS.                                  3:12-CV-00214-BRW

WEST MEMPHIS SCHOOL DISTRICT, *et al.*                            DEFENDANTS

**ORDER**

Pending is *pro se* Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1). Because Plaintiff's economic situation qualifies him for *in forma pauperis* status, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 1) is GRANTED. However, for the reasons explained below, Plaintiff's Complaint is DISMISSED.

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a complaint filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law.[2] A complaint may be dismissed before service of process and without leave to amend.[3] Although *pro se* complaints are to be liberally construed, "they still must allege sufficient facts to support the claims advanced."[4]

---

[1] See *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982).

[2] *Neitzke v. Williams*, 490 U.S. 319, 327-29 (1989).

[3] *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998).

[4] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Additionally, district courts are courts of limited jurisdiction, and the plaintiff bears the burden of establishing federal subject matter jurisdiction.[5] Under 28 U.S.C. §§ 1331 and 1332, district courts have subject matter jurisdiction over actions involving either questions of federal law or actions between diverse parties.[6] Title 28 U.S.C. § 1343 also grants district courts jurisdiction over cases involving civil rights violations.[7] If at any time a district court determines subject matter jurisdiction is absent, the only power it has left is to dismiss the case, even if the parties have not raised the jurisdictional defect.[8]

In order for subject matter jurisdiction to exist based on diversity, each plaintiff must be of diverse citizenship from each defendant and the requisite amount in controversy must be met.[9] For diversity purposes, a person is a citizen of the state in which that person is domiciled, and a corporation is a citizen of any state in which it is incorporated and of the state in which it has its principal place of business.[10] On the other hand, subject matter jurisdiction based on a question of federal law exists when the plaintiff's well-pleaded complaint raises questions arising under the Constitution, laws, or treaties of the United States.[11]

---

[5]*United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010).

[6]See 28 U.S.C. §§ 1331, 1332; see also *Williams v. City of Marston*, Case No. 1:10-CV-00081-LMB, 2012 WL 830408, at *6 (E.D. Mo. March 12, 2012).

[7]See 28 U.S.C. § 1343; see also *Harley v. Oliver*, 404 F. Supp. 450, 453 (W.D. Ark. 1975).

[8]*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)

[9]28 U.S.C. § 1332.

[10]*Id.*

[11]28 U.S.C. § 1331.

Here, Plaintiff asserts that jurisdiction is proper under 28 U.S.C. §§ 1331, 1332, and 1343.[12]  Plaintiff, however, is mistaken.

This action is based on a Supplemental Educational Service Provider contract between the West Memphis School District and Plaintiff -- doing business as Save Our Kids.[13]  As his cause of action, Plaintiff asserts breach of contract and unjust enrichment -- both of which are actions based on state law.  Because no question of federal law is present and no civil rights violation has been asserted, 28 U.S.C. §§ 1331 and 1343 do not grant this Court jurisdiction.

Further, Plaintiff's Complaint states that all parties are citizens of the State of Arkansas -- either by domicile or by incorporation.[14]  Thus, diversity jurisdiction under 28 U.S.C. § 1332 is not present.

Because this Court lacks jurisdiction, Plaintiff's Complaint is DISMISSED.  The Clerk of the Court is not to issue process or cause process to issue on this complaint.

IT IS SO ORDERED this 25th day of September, 2012.

                                                   /s/BILLY ROY WILSON
                                       UNITED STATES DISTRICT JUDGE

---

[12] Doc. No. 2.

[13] Doc. No. 2.

[14] *Id.*